Gerald Weiner, Esq.
Probstein & Weiner
9696 Culver Blvd., Suite 205
Culver City, CA 90232
Phone: (310) 836-1400
Fax: (310) 836-1420
gbweiner@pwmusiclaw.com

Attorney for Plaintiff,
VANDER MUSIC, INC.

David A. Stall, Esq., SBN 126399
LAW OFFICES OF DAVID A. STALL
2151 Michelson Drive, Suite 105
Irvine, CA 92612
Telephone (949) 553-3944
Facsimile (949) 553-3943

Attorney for Defendant
AZTECA INTERNATIONAL CORPORATION

NOTE CHANGES MADE BY THE COURT.

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| VANDER MUSIC, INC., a California Corporation<br><br>Plaintiff,<br><br>v.<br><br>AZTECA INTERNATIONAL CORPORATION, a Delaware Corporation<br>Defendant. | Case No.: CV08 – 08184 FMC (RCx)<br><br>ADOPTED<br>**PROTECTIVE ORDER CONCERNING CONFIDENTIAL INFORMATION** |

WHEREAS, the parties hereto contemplate that the case issues will require discovery and disclosure of documents and information that is generally not known to the public and to competitors, and which is proprietary, confidential and of unique

value to the business affairs of the parties such as financial records, operating procedures, business contracts and relationships and the like, which the parties desire to preserve and maintain as confidential, subject to the required disclosures and exchanges in this lawsuit;

Therefore, for purposes of preserving and maintaining such confidentiality and subject to the approval of this Court, the parties hereby stipulate to the following protective order:

1. In connection with discovery proceedings in this action, the parties may designate any document, thing, material, testimony or other information derived therefrom, as "Confidential" under the terms of this Protective Order (hereinafter "Order"). Confidential information is trade secrets, proprietary information, and other highly confidential commercial information, or material required to be kept confidential by state or federal law.

2. By designating a document, thing, material, testimony or other information derived therefrom as "Confidential" under the terms of this Order, the party making the designation is certifying to the Court that there is a good faith basis in law and in fact for the designation within the meaning of Federal Rule of Civil Procedure 26(g).

3. Confidential documents shall be so designated by stamping copies of the

document produced to a party with the legend "CONFIDENTIAL." Stamping the legend "CONFIDENTIAL" on the cover of any multipage documents shall designate all pages of the document as confidential, unless otherwise indicated by the producing party.

4. Testimony taken at a deposition may be designated as confidential by making a statement to that effect on the record at the deposition. Arrangements shall be made with the court reporter taking and transcribing such deposition to separately bind such portions of the transcript containing information designated as confidential, and to label such portions appropriately.

5. Material designated as confidential under this Order, the information contained therein, and any summaries, copies, abstracts, or other documents derived in whole or in part from material designated as confidential (hereinafter "Confidential Material") shall be used only for the purpose of the prosecution, defense, or settlement of this action, and for no other purpose.

6. Confidential Material produced pursuant to this Order may be disclosed or made available only to the Court, to counsel for a party (including the paralegal, clerical, and secretarial staff employed by such counsel), and to the "qualified persons" designated below:

    (a) a party, or an officer, director, or employee of a party deemed necessary by counsel to aid in the prosecution, defense, or settlement of this action;

(b) experts or consultants (together with their clerical staff) retained by such counsel to assist in the prosecution, defense, or settlement of this action;

(c) court reporter(s) employed in this action;

(d) a witness at any deposition or other proceeding in this action; and

(e) any other person as to whom the parties in writing agree. Prior to receiving any Confidential Material, each "qualified person" shall be provided with a copy of this Order and shall execute a nondisclosure agreement in the form of Attachment A. The original shall be retained and a copy shall be provided to counsel for each other party upon demand, should improper disclosure become an issue.

7. Only qualified persons may attend depositions at which Confidential Material is used or discussed.

8. The parties may further designate certain discovery material or testimony of a highly confidential and/or proprietary nature as "CONFIDENTIAL - ATTORNEY'S EYES ONLY" (hereinafter "Attorney's Eyes Only Material"), in the manner described in paragraphs 2 and 3 above. Attorney's Eyes Only Material, and the information contained therein, shall be disclosed only to the Court, to counsel for the parties (including the paralegal, clerical and secretarial staff employed by such

counsel), and to the "qualified persons" listed in subparagraphs 6(b) through (e) above, but shall not be disclosed to a party, or to an officer, director or employee of a party, unless otherwise agreed or ordered. If disclosure of Attorney's Eyes Only Material is made pursuant to this paragraph, all other provisions in this order with respect to confidentiality shall also apply.

9. Nothing herein shall impose any restrictions on the use or disclosure by a party of material obtained by such party independent of discovery in this action, whether or not such material is also obtained through discovery in this action, or from disclosing its own Confidential Material as it deems appropriate.

10. If Confidential Material, including any portion of a deposition transcript designated as Confidential or Attorney's Eyes Only, is included in any papers to be filed with the Court, a written application and a proposed order shall be presented to the judge along with the document submitted for filing under seal. The proposed order shall address both the sealing of the application and order itself, if appropriate. The original and judge's copy of the document shall be sealed in separate envelopes with a copy of the title page attached to the front of each envelope. Conformed copies need not be placed in sealed envelopes. Where under-seal filings are authorized by statute or rule, the authority therefor shall appear on the title page of the proposed filing. Applications and Orders to Seal, along with the material to be placed under seal, shall not be electronically filed but shall be filed manually in the manner

prescribed by Local Rule 79-5. A Notice of Manual Filing shall also be electronically filed identifying materials being manually filed.

11. This Order shall be without prejudice to the right of the parties (i) to bring before the Court at any time the question of whether any particular document or information is confidential or whether its use should be restricted or (ii) to present a motion to the Court under Fed. R. Civ. P. 26(c) for a separate protective order as to any particular document or information, including restrictions differing from those as specified herein. This Order shall not be deemed to prejudice the parties in any way in any future application for modification of this Order.

12. This Order is entered solely for the purpose of facilitating the exchange of documents and information between the parties to this action without involving the Court unnecessarily in the process. Nothing in this Order nor the production of any information or document under the terms of this Order nor any proceedings pursuant to this Order shall be deemed to have the effect of an admission or waiver by either party or of altering the confidentiality or nonconfidentiality of any such document or information or altering any existing obligation of any party or the absence thereof.

13. This Order shall survive the final termination of this action, to the extent that the information contained in Confidential Material is not or does not become known to the public, ~~and the Court shall retain jurisdiction to resolve any dispute concerning the use of information disclosed hereunder~~. Upon termination of this case, counsel for the parties shall assemble and return to each other all documents, material

1 | and deposition transcripts designated as confidential and all copies of same, or shall
2 | certify the destruction thereof.

Respectfully submitted,

PROBSTEIN & WEINER

Dated: 6/8/09

By: _____
Gerald Weiner, Attorney for
Plaintiff

Dated: 6-8-09

By: _____
David A. Stall, Attorney for
Defendant

IT IS SO ORDERED; as amended at paragraph 13.

DATED: 6/12/2009

_____
Honorable ~~Florence Marie Cooper~~
United States ~~District Court~~ Judge
       Magistrate

**HON. ROSALYN M. CHAPMAN**

7

PROTECTIVE ORDER CONCERNING CONFIDENTIAL INFORMAITON

## Attachment A

### Nondisclosure Agreement

I, _____, do solemnly swear that I am fully familiar with the terms of the Protective Order Concerning Confidential Information entered in Vander Music, Inc. v. Azteca International Corporation, United States District Court for the Central District of California, Civil Action No. CV08 – 08184 FMC (RCx), and hereby agree to comply with and be bound by the terms and conditions of said Order unless and until modified by further Order of the Court. I hereby consent to the jurisdiction of the Court for purposes of enforcing this nondisclosure agreement.

DATED: _____

_____
[Name of Signator Typed]