GERALD WEINER (SBN 046132)
PROBSTEIN & WEINER
9696 Culver Blvd., Suite 205
Culver City, CA 90232
Phone (310) 836-1400
Fax (310) 836-1429
gbweiner@pwmusiclaw.com

Lincoln D. Bandlow (SBN 170449)
LATHROP & GAGE LLP
1888 Century Park East, Suite 1000
Los Angeles, California 90067
Telephone: (310) 789-4600
Fax: (310) 789-4601
Email: lbandlow@lathropgage.com

Attorneys for Plaintiff
VANDER MUSIC, INC.

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| VANDER MUSIC, INC., a California Corporation,<br><br>Plaintiff,<br><br>vs.<br><br>AZTECA INTERNATIONAL CORPORATION, a Delaware Corporations<br><br>Defendant. | CASE NO. CV08-08184 JHN (RCx)<br><br>**PLAINTIFF'S *EX PARTE* APPLICATION FOR AN ORDER GRANTING PLAINTIFF LEAVE TO AMEND THE PLEADINGS**<br><br>[Declarations of Lincoln D. Bandlow and Eduardo Baptista Fernandez and Proposed Order filed concurrently herewith]<br><br>Trial Date: April 12, 2011<br>Time: 9:00 a.m.<br>Courtroom: 23<br><br>Pretrial Conference: March 14, 2011<br>Time: 10:30 a.m. |

Pursuant to Local Rule 7-19, Plaintiff Vander Music, Inc. ("Vander") hereby applies *ex parte* for an order granting Vander leave to amend the pleadings solely to add a plaintiff. As grounds for this motion, Vander moves under Federal Rule of Civil Procedure Rule 15(a), which provides that the district courts "shall grant leave to amend 'freely' when 'justice so requires.'"

In preparing this application, Vander has reviewed the Court's Scheduling Order and Standing Order regarding *ex parte* applications, the governing Local Rules, as well as *Mission Power Engineering Co. v. Continental Casualty Co.*, 883 F. Supp. 488 (C.D. Cal. 1995), and respectfully submits that *ex parte* relief is warranted for the following reasons:

1. The Sub-publishing contract governing Vander's license of the copyrights at issue in this matter from Editora Musical Musart, S.A. de C.V.'s ("Edimusa") library was entered into in Spanish in January of 1995 (the "Contract"). Since that time Vander has been acting as the exclusive licensee for Edimusa's library of copyrighted songs. The copyrights registrations for all of the compositions at issue in this matter except for one are in Edimusa's name. Declaration of Lincoln Bandlow ("Bandlow Decl.") at ¶¶ 4, 6; Exh. B.

2. The Contract was provided to defendant Azteca International Corporation ("Azteca") in October 2009 in response to Azteca's discovery requests. Bandlow Decl. at ¶ 5.

3. On February 16, 2011, in anticipation of trial, Vander had the Contract translated into English. The translation revealed that despite the understanding and conduct of Vander and Edimusa, the Contract granted Vander non-exclusive rights to Edimusa's library of copyrighted songs. Bandlow Decl. at ¶ 6.

***EX PARTE* APPLICATION FOR LEAVE TO AMEND THE COMPLAINT**

1  4. The final pre-trial conference in this matter is set for March 14, 2011 and the trial is set for April 12, 2011.

5. Granting Vander leave to amend the pleadings to add Edimusa as a plaintiff merely addresses a technicality and does not change the action in any way.  Bandlow Decl. at ¶ 12.

6. Without this *ex parte* relief, Vander and Azteca will be forced to go through trial on one composition, and Edimusa, as a real party in interest, and Vander will be forced to file an entirely new action based on identical facts and claims, which would be a waste of both the parties' and the court's resources.  Bandlow Decl. at ¶ 11.

Plaintiff is represented by Lincoln Bandlow of Lathrop & Gage LLP, 1888 Century Park East, Suite 1000, Los Angeles, CA 90067 (310) 789-4600 and Gerald Weiner of Probstein and Weiner, 9696 Culver Boulevard, Suite 205, Culver City, CA 90232 (310) 836-1429.  Defendant is represented by David A. Stall of Law Offices of David A. Stall, 2151 Michelson Drive, Suite 105, Irvine, CA 92612 (949) 553-3944. On March 2, 2011, at 11:20 a.m. counsel for Vander contacted counsel for Azteca regarding this *ex parte* application and advised them of the date, time and substance of this application.  Bandlow Decl. at ¶ 13.  Azteca has indicated it will oppose this application. *Id*.

Dated: March 3, 2011            LATHROP & GAGE LLP

                                By: _____
                                    Lincoln D. Bandlow

                                Attorneys for Plaintiff
                                VANDER MUSIC INC.

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

The amendment for which Plaintiff Vander Music, Inc. ("Vander") seeks leave to file is no more than a cure to a technical defect. Adding Editora Musical Musart, S.A. de C.V. ("Edimusa") as a plaintiff in this action neither changes the action in any way, nor delays the current trial date. Demonstrative of this point is the new proposed complaint (attached to the concurrently-filed Declaration of Lincoln Bandlow ["Bandlow Decl."] as Exhibit A), which will differ from the current operative pleadings only insofar as Edimusa will be listed as co-plaintiff.[1] Accordingly, and as a result of the discovery in this matter, all parties have the necessary information to proceed to trial immediately even with the addition of a new party.

Edimusa could, of course, file a new and separate action against Defendant Azteca International Corporation ("Azteca"), but as the facts and claims would be identical to those in the present case, a new action would be an inefficient waste of the resources of the parties' and the court. Furthermore, as set forth below, Vander has not delayed this amendment, nor are they seeking it for some improper purpose, such as to defeat the Court's jurisdiction. Not only does the sufficiency of the proposed amended pleading not suggest any futility, but rather the alternative of filing a separate action would prove incredibly inefficient.

Given the policy favoring extreme liberality in granting leave to amend pleadings, and the complete absence of any of the factors which weigh in favor of the denial of this leave, Vander respectfully requests that this Court grant leave to amend

---

[1] The Proposed Third Amended Complaint attached as Exhibit A to the Bandlow Declaration will, of course, also reflect the Court's Order on January 12, 2011 dismissing some of Vander's claims, as well as its ruling on the statute of limitations issue. Dkt. # 79. Vander reserves the right to appeal the various rulings in the Order.

the pleadings to allow Edimusa to be added as a plaintiff and thus allowing the same operative events to be tried in a single action.

## II.  STATEMENT OF FACTS

This matter involves a dispute over unlicensed musical compositions. Vander owns or has licensed from Edimusa over 150,000 Spanish-language musical compositions. Azteca has used several of these compositions (both those owned by Vander and those licensed by Vander from Edimusa) in their Spanish-language television programming, which have been recorded and then broadcast all over the country by Azteca's numerous local affiliates. Declaration of Lincoln Bandlow ("Bandlow Decl.") at ¶ 3.

Vander and Edimusa have had a 15-year relationship in which Vander has acted as Edimusa's exclusive licensee for Edimusa's library of copyrighted songs. Declaration of Eduardo Baptista Fernandez ("Fernandez Decl.") at ¶ 2. Vander has acted as the rights holder of the copyrights in Edimusa's catalogue for the "publication, printing, reproduction, performance using radio, television, film, cable, satellite and using any mechanical, electronic, radiophonic, visual, magnetic or digital reproduction of the sound thereof, and, in general, by any other means known now or in the future, and to grant synchronization licenses." Fernandez Decl. at ¶ 2; *see also* Bandlow Decl. at ¶ 4, Exh. B. Edimusa's rights have not been licensed to any other entity other than Vander. Fernandez Decl. at ¶ 3. Indeed, Edimusa and Vander have a common owner. *Id*. at ¶ 4. Knowing that it acted as the exclusive licensee of Edimusa's rights, Vander brought this action. *Id*. at ¶ 5.

The Vander/Edimusa Sub-publishing contract of January 1, 1995 (the "Contract") governs the agreement regarding the copyrights of Edimusa's catalog between the parties. Bandlow Decl. at ¶ 4, Exh. B. This document was produced to Azteca (in its original Spanish language) in October of 2009 in response to Azteca's First Set of Requests for Production of Documents. *Id*. at ¶ 5. Additionally, Azteca's

4

counsel, David Stall, questioned Vander's president, Eduardo Baptista Fernandez, regarding the Contract in his June 29, 2010 deposition. *Id*. at ¶ 7, Exh. C.[2]

During that deposition, Azteca's counsel also questioned Mr. Fernandez regarding Edimusa and its involvement in this case and even began to conflate Vander and Edimusa over the course of the deposition:

> Q. There is—before filing this lawsuit, did you or anyone from Vander Music or Edimusa have any contact with either TV Azteca or Azteca International regarding—regarding licensing issues?
> A. Yes.
> Q. And was there an ongoing discussion about getting licensing between those two parties?
> A. No.
> Q. Was—how many discussions were there?
> A. We tried to contact them on several occasions.
> Q. When you say "we." that's – that's personnel of Edimusa?

Bandlow Decl. at ¶ 7, Exh. C at 35:24-36:10. Moreover, throughout the course of discovery, Vander has responded to discovery requests from Azteca on behalf of both itself and its affiliate Edimusa. Bandlow Decl. at ¶ 8. Thus during discovery, Azteca was aware of the relationship between Edimusa and Vander, knew that many of the copyright registrations were in Edimusa's name, and yet Azteca raised no objections to this lawsuit being pursued in Vander's name, nor did Azteca bring a motion for summary judgment on the issue of standing. *Id*. at ¶ 10.

---

[2] Relevant excerpts of the June 29, 2010 deposition of Eduardo Baptista Fernandez ("Fernandez Depo.") are attached to the concurrently-filed Bandlow Declaration at Exhibit C. *See* Fernandez Depo. at 48:6-50:10.

5

In anticipation of the upcoming trial, counsel for Vander had the Contract translated from Spanish to English on February 16, 2011. Bandlow Decl. at ¶¶ 4, 6; Exh. B. Upon receiving the translation, counsel for Vander realized that although Vander and Edimusa had been conducting business as if, and believed that, Vander held the rights exclusively, the written expression of their agreement dictated otherwise. Bandlow Decl. ¶ 6; Fernandez Decl. at ¶ 6 Thereafter, Vander and Edimusa began weighing their options and then filed this *ex parte* Application. In the event the Court denies leave to amend to allow Edimusa to be added as a plaintiff, Vander and Azteca will be forced to go through an entire trial on only one composition, only for Edimusa to file a new, identical complaint against Azteca with Vander as a potential co–plaintiff or heavily involved third party witness. Bandlow Decl. at ¶ 11. This would be a highly inefficient use of the parties' and the court's resources.

The addition of Edimusa does not dictate any new direction for the case, and no additional discovery would be needed. *Id*. at ¶ 12. All aspects of this case will be identical to the current operative complaint and thus the adding of Edimusa as a plaintiff will not prejudice Azteca in any way. *Id.* Despite this, when Vander's counsel requested that Azteca stipulate to the filing of this amended pleading pursuant to Local Rule 7-3, Azteca's counsel refused and Vander was forced to bring the instant *ex parte* application. *Id*. at ¶ 13.

## III. ARGUMENT

### A. Leave to Amend the Complaint Should Be Freely Granted.

Under Fed. R. Civ. P. Rule 15(a), the district courts "shall grant leave to amend 'freely' when 'justice so requires.'" *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000) (en banc); *quoting* Fed. R. Civ. P. 15(a)(2). Importantly "this policy is to be applied with extreme liberality." *Morongo Band of Mission Indians v. Rose*, 893 F.2d 1074, 1079 (9th Cir. 1990) (emphasis added); *see also Griggs v. Pace Am. Group, Inc.*,

6

*EX PARTE* APPLICATION FOR LEAVE TO AMEND THE COMPLAINT

170 F.3d 877, 880 (9th Cir. 1999) (noting that "all inferences" should be drawn "in favor of granting the motion"); *Lone Star Ladies Invest. Club v. Scholtzsky's Inc.*, 238 F.3d 363, 367 (5th Cir. 2001) (policy favoring leave to amend is "a necessary companion to notice pleading").[3]  Moreover, "substitution of plaintiffs should be liberally allowed when the change is merely formal and in no way alters the original complaint's factual allegations as to the events or participants." *Advanced Magnetics, Inc. v. Bayfront Partners, Inc.*, 106 F.3d 11, 20 (2d Cir. 1997)[4].

---

[3] The Court's Scheduling Order does not explicitly set a deadline to amend the pleadings (Dkts. 31, 33, 40, 63), therefore, Vander is not requesting a modification of the Scheduling Order at this time.  In the event the Court requires otherwise, however, a pretrial scheduling order readily can be modified "upon a showing of good cause." *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 607 (9th Cir. 1992); *see also* Fed. R. Civ. P. Rule 16(b)(4) ("[a] schedule may be modified only for good cause and with the judge's consent"); *FDIC v. Glickman*, 450 F. 2d 416, 419 (9th Cir. 1977) ("A district judge is given broad discretion in supervising the pre-trial phase of litigation"). District courts "should generally allow amendments of pre-trial orders when 'no substantial injury will be occasioned to the opposing party, the refusal to allow the amendment might result in injustice to the movant, and the inconvenience to the court will be slight.'"  *Campbell Industries v. M/V Gemini*, 619 F.2d 24, 27-28 (9th Cir. 1980); *quoting Angle v. Sky Chef, Inc.*, 535 F.2d 492, 496 (9th Cir. 1976).  Here, because the addition of Edimusa amounts to a mere technicality and changes nothing in the case, no new discovery is required.  Moreover, Azteca has already conducted discovery regarding Edimusa.  Thus, no prejudice will result to Azteca (Bandlow Decl., ¶¶ 5-12), as Azteca is clearly prepared to litigate the merits of the case with Edimusa as a party.

[4] Though *Advanced Magnetics* addresses the slightly different question of the relation back of a substituted plaintiff to the original complaint under Federal Rule of Civil Procedure, rather than the instant situation of adding a plaintiff, the liberality with which courts view these substitutions is applicable here.  *See also Besig v. Dolphin Boating and Swimming*, 683 F.2d 1271, 1278 (9th Cir. 1982) ("An amendment changing plaintiffs may relate back when the relief sought in the amended complaint is identical to that demanded originally.  In such a case, despite the lack of notice, the defendant is not prejudiced because his response to the action requires no revision.").  As demonstrated above, adding Edimusa as a party would require no revision in Azteca's response.

*EX PARTE* APPLICATION FOR LEAVE TO AMEND THE COMPLAINT

In determining whether leave to amend is appropriate, the court considers "the presence of any of four factors: bad faith, undue delay, prejudice to the opposing party, and/or futility." *Griggs*, 170 F.3d at 880. None of the four factors are present in regards to Vander's requested amendment and thus the liberal policy in favor of granting leave to amend mandates that this motion be granted.

### B. None of the Factors Justifying Denial of a Request for Leave to Amend Are Present and Thus Leave to Amend Should Be Granted.

There exists no bad faith, undue delay, or prejudice to the opposing party, nor would the amendments be futile.

Even though the trial is just under two months away, there has been no undue delay in this matter, including in the filing of the instant *ex parte* application. Moreover, even if some delay were present, "[u]ndue delay by itself … is insufficient to justify denying a motion to amend." *Bowles v. Reade*, 198 F.3d 752, 758 (9th Cir. 1999); *Owens*, 244 F.3d at 712-13; *Mayeaux v. Louisiana Health Service & Indem. Co.*, 376 F.3d 420, 427 (5th Cir. 2004). An undue delay finding needs to be "contemporaneous specific finding of prejudice to the opposing party, bad faith by the moving party, or futility of the amendment" in order to justify the denial of a motion for leave to amend the pleadings. *Bowles*, 198 F.3d at 758; *citing DCD Programs, Ltd. v. Leighton*, 833 F.2d 183, 186-87 (9th Cir. 1987).

As outlined above, the timing for this *ex parte* application is a result of the recent translation of the Contract and not any undue delay. Despite both Vander and Edimusa's belief that Vander held the exclusive right to Edimusa's copyrights in the United States, the written agreement did not reflect the conduct or understanding of the parties. Fernandez Decl. at ¶ 6. The translation revealing the anomaly only occurred two weeks ago. Bandlow Decl. at ¶¶ 4, 6; Ex. B. After a diligent and thorough review of the discovery taken in this matter, Vander determined that it would be appropriate to request leave to amend the pleadings adding Edimusa as a party as the discovery

conducted encompassed both entities—Vander and Edimusa—and the change amounts to a mere technicality. Bandlow Decl. at ¶ 9. Given the complications involved in discovering the nature of the contractual agreement between Vander and Edimusa as relates to the copyrights at issue, there has been no delay by Vander in requesting leave to amend. *Id*.

Any objection by Azteca's counsel to the addition of a new party on the grounds that having to defend against both Vander and Edimusa would somehow prejudice Azteca is not well taken. Azteca cannot demonstrate the "substantial prejudice" required to overcome the presumption in favor of granting leave to amend. *Morongo Band of Mission Indians*, 893 F.2d at 1079; *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003).

The addition of Edimusa as a plaintiff does not change the any of the legal theories or fundamental nature of this case: Azteca took Vander or Edimusa compositions, incorporated them into Azteca programming without permission, and sent those programs to Azteca's affiliates for broadcast throughout the United States. Whether the copyright registrations for those works is in the name of Vander or Edimusa does not change the legal analysis. Thus, no new issues will be raised by the amendment. Bandlow Decl. at ¶ 12. Moreover, in responding to Azteca's discovery responses, Vander provided information and documents responsive for both itself and Edimusa, as the two entities are closely related. *Id.* at ¶ 8. Thus, adding Edimusa will not require any further discovery. *Id*. at ¶ 12. Azteca should be fully prepared to litigate against Edimusa in the same way that it is prepared to litigate against Vander and will not suffer prejudice from having to do so.

Additionally, far from seeking amendment in bad faith or futility, Vander's proposed amended pleading is based on legal theories fully supported by the recently discovered anomaly in the translation of the agreement between Vander and Edimusa.

Moreover, the proposed amendment to add Edimusa is certainly not an exercise in "futility," but are fully supported by the pleading and discovery. Indeed, if Edimusa were to simply file a new action pursuing claims based on the use of its musical compositions, the second case would be a complete mirror of the first and thus an exercise in gross inefficiency, as opposed to simply amending the pleadings in the instant action.

## II.   CONCLUSION

For each of the foregoing reasons, Vander respectfully requests that leave be granted to file the proposed Third Amended Complaint, attached as Exhibit A to the concurrently-filed Bandlow Declaration.

Dated:   March 3, 2011              LATHROP & GAGE LLP

By: _____
Lincoln D. Bandlow

Attorneys for Plaintiff
VANDER MUSIC INC.

10